### 12398.   GARRETT *v.* CITY OF ATLANTA.

" Where one is on trial in the recorder's court of a municipality for viola-
    tion of an ordinance of the city, it is essential that the venue should
    be proved by direct or sufficient circumstantial evidence that the crime
    was committed within the limits of the municipality.  And where it is
    not so proved, and the writ of certiorari is sued out, and the petition
    therefor contains the distinct allegation, as provided in the act approved
    August 21, 1911 (Acts 1911, p. 149), relating to practice in courts of
    review, that there was a failure to prove the venue, and there is a proper
    assignment of error thereon, it is error for the judge of the superior
    court to overrule the certiorari, though it does not appear that the dis-
    tinct question as to the venue was raised in the recorder's court."
    *Garrett* v. *City of Atlanta,* 152 *Ga.* 675 (110 S. E. 886).

DECIDED APRIL 11, 1922.

Certiorari; from Fulton superior court — Judge Bell.   March
24, 1921.

*James C. Davis,* for plaintiff.

*J. L. Mayson, J. M. Wood,* for defendant.

LUKE, J.   The above ruling was made in answer to a question
certified by this court to the Supreme Court.  The question showed
that the accused was tried and convicted in the recorder's court of
the City of Atlanta for violation of a certain ordinance of the
city; that on the trial undisputed evidence showed that the alleged
offense was committed " on West Peachtree street at the inter-
section of Simpson street."   This was the only evidence as to
where the alleged offense was committed.   The accused made no
point, until after he had been adjudged guilty by the recorder,
that the venue had not been proved; and he raised the question
specifically for the first time in his petition for certiorari.   The
certiorari was sanctioned, but on the hearing thereof it was over-
ruled by the judge of the superior court.

The answer of the Supreme Court being that the venue of the
alleged offense was not proved, the judgment of the judge of the
superior court, overruling the certiorari, must be reversed.

*Judgment reversed.   Broyles, C. J., and Bloodworth, J., concur.*